UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NABIL SAMAAN,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO, SCOTT JONES, individually and in his capacity as sheriff, and DOES 1 through 10,<br><br>Defendants. | No. 2:16-cv-00789-KJM-CKD<br><br>ORDER |

Nabil Samaan sues to challenge Sacramento County's revocation of his license to carry a concealed weapon for violating his First and Fourteenth Amendment rights. Here, he moves for summary judgment. Mot., ECF No. 27. Defendants oppose. Opp'n, ECF No. 35. For the reasons discussed below, the court DENIES the motion.

I.     BACKGROUND

    A.     Factual Background

Samaan is a resident of Sacramento County who volunteers as a member of the Mounted Patrol for the American River Parkway. Pl.'s Statement of Undisputed Facts ("SUF") 1–2, ECF No. 27 at 11, 12; Samaan Decl. ¶¶ 1–2, ECF No. 27. He is also a licensed attorney in California, and represents himself in this action. Samaan Decl. ¶ 1.

| | |
|---|---|
| 1 | In October 2015, Samaan applied to the Sacramento County Sheriff's Department |
| 2 | for a license to carry a concealed weapon ("CCW" license). SUF 4. Samaan's application was |
| 3 | reviewed and tentatively approved by a three-person panel within the Sheriff's Department. SUF |
| 4 | 5–6; Samaan Decl. Ex. B (Concealed Weapons Permit Evaluation), ECF No. 27 at 28 (approval |
| 5 | by Chief Dave Torgerson, Capt. Michael Goold, and Capt. Chris Palmer). Final approval was |
| 6 | conditioned on Samaan's clearance by the California Department of Justice and the Federal |
| 7 | Bureau of Investigation and Samaan's completion of all training requirements. SUF 5–7; Samaan |
| 8 | Decl. Exs. B–C. After Samaan completed LiveScan fingerprinting, the Department of Justice |
| 9 | notified the Sheriff's Department in January 2016 that Samaan was eligible to possess a firearm |
| 10 | under state law. SUF 9–10; Samaan Decl. Ex. E (DOJ Letter). After Samaan completed a |
| 11 | required two-day handgun safety course, on February 22, 2016 the Sheriff's Department issued |
| 12 | Samaan a CCW license. SUF 13–14, 25–28. |
| 13 | About a month later, the Sheriff's Department revoked Samaan's CCW license. |
| 14 | SUF 15. In a March 23, 2016 letter, Sheriff Scott Jones notified Samaan of the revocation, |
| 15 | explaining his conclusion that Samaan was "no longer a qualified candidate to possess" a CCW |
| 16 | license. Samaan Decl. Ex. I (Revocation Letter). Jones informed Samaan that he must |
| 17 | immediately surrender his CCW license and he had a right to appeal the decision. SUF 17; |
| 18 | Revocation Letter at 1. Soon after, Samaan surrendered his CCW license and sent a March 31, |
| 19 | 2016 letter to the Sheriff's Department asking for an explanation for the revocation decision to |
| 20 | facilitate his appeal. SUF 18; Samaan Decl. Ex. J (Samaan Letter). On April 18, 2016, after |
| 21 | receiving no response from the Sheriff's Department, Samaan filed this case. Compl., ECF No. 1. |
| 22 | As explained more fully below, the parties dispute why the Sheriff's Department |
| 23 | revoked Samaan's CCW license. Samaan argues the decision was in retaliation for a 2014 |
| 24 | lawsuit he filed against Sacramento County, and also was based on his race. *See* Mot. at 5. In |
| 25 | contrast, defendants argue the revocation decision was precipitated by Samaan's March 2016 e- |
| 26 | mail to the Sheriff's Department explaining his intention to carry a concealed weapon in the |
| 27 | American River Parkway despite a county code provision prohibiting such conduct. Opp'n at 12– |
| 28 | 13. |

B. Procedural History

As noted, Samaan filed this case on April 18, 2016. Compl. At a September 2, 2016 hearing, the court granted defendants' motion for judgment on the pleadings. Hr'g Mins., ECF No. 15. The original complaint brought two claims, and the court dismissed the Second Amendment claim with prejudice and the Fourteenth Amendment claim without prejudice. *Id.*

On September 8, 2016, Samaan filed the First Amended Complaint. *See* First. Am. Compl. ("FAC"), ECF No. 1. The amended complaint appears to assert two claims against all defendants: (1) violation of Equal Protection under the Fourteenth Amendment, and (2) violation of the First Amendment. *See* FAC ¶¶ 16, 22, 24; FAC Prayer ¶ 2; *see also* Mot. at 8–10. Although the complaint might also have been construed to assert a Due Process claim under the Fourteenth Amendment, Samaan signaled at the September 2, 2016 hearing on defendant's motion to dismiss, and clarified at the August 25, 2017 hearing on Samaan's motion for summary judgment here, that he was not asserting such a claim.

Samaan moved for summary judgment on his claims on March 9, 2017. Mot. Defendants opposed, and Samaan filed a reply. Opp'n; Reply, ECF No. 36. On August 25, 2017, the court held a hearing on the motion, at which Samaan appeared for himself and Amanda McDermott appeared for defendants. ECF No. 44.

II. STANDARD

A court will grant summary judgment "if . . . there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The "threshold inquiry" is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The moving party bears the initial burden of showing the district court "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party, which "must establish that there is a genuine issue of material fact . . . ." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585 (1986). In carrying their burdens, both parties must "cit[e] to particular

parts of materials in the record . . .; or show [] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1); *see also Matsushita*, 475 U.S. at 586 ("[the nonmoving party] must do more than simply show that there is some metaphysical doubt as to the material facts"). Moreover, "the requirement is that there be no *genuine* issue of *material* fact . . . . Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 247–48 (emphasis in original).

In deciding a motion for summary judgment, the court draws all inferences and views all evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587–88; *Whitman v. Mineta*, 541 F.3d 929, 931 (9th Cir. 2008). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

A court may consider evidence as long as it is "admissible at trial." *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). "Admissibility at trial" depends not on the evidence's form, but on its content. *Block v. City of L.A.*, 253 F.3d 410, 418-19 (9th Cir. 2001) (citing *Celotex Corp.*, 477 U.S. at 324). The party seeking admission of evidence "bears the burden of proof of admissibility." *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1004 (9th Cir. 2002). If the opposing party objects to the proposed evidence, the party seeking admission must direct the district court to "authenticating documents, deposition testimony bearing on attribution, hearsay exceptions and exemptions, or other evidentiary principles under which the evidence in question could be deemed admissible . . . ." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 385-86 (9th Cir. 2010). However, courts are sometimes "much more lenient" with the affidavits and documents of the party opposing summary judgment. *Scharf v. U.S. Atty. Gen.*, 597 F.2d 1240, 1243 (9th Cir. 1979).

The Supreme Court has taken care to note that district courts should act "with caution in granting summary judgment," and have authority to "deny summary judgment in a case

where there is reason to believe the better course would be to proceed to a full trial." *Anderson*, 477 U.S. at 255. A trial may be necessary "if the judge has doubt as to the wisdom of terminating the case before trial." *Gen. Signal Corp. v. MCI Telecomms. Corp.*, 66 F.3d 1500, 1507 (9th Cir. 1995) (quoting *Black v. J.I. Case Co.*, 22 F.3d 568, 572 (5th Cir. 1994)). This may be the case "even in the absence of a factual dispute." *Rheumatology Diagnostics Lab., Inc. v. Aetna, Inc.*, No. 12-05847, 2015 WL 3826713, at *4 (N.D. Cal. June 19, 2015) (quoting *Black*, 22 F.3d at 572); *accord Lind v. United Parcel Serv., Inc.*, 254 F.3d 1281, 1285 (11th Cir. 2001).

III. <u>DISCUSSION</u>

As an initial matter, and to the extent it is relevant to Samaan's constitutional claims, the court rejects Samaan's argument that state law prohibited defendants from revoking his CCW license. Under California Penal Code section 26150, a county sheriff "may" issue a license to a person who meets several criteria. Cal. Penal Code § 26150(a)(1)–(4). The statute's use of "may" gives the sheriff discretion whether to issue the license. *CBS, Inc. v. Block*, 42 Cal. 3d 646, 665 (1986) ("The Legislature has vested designated law enforcement officials with almost unfettered discretion in this area"); *Nichols v. County of Santa Clara*, 223 Cal. App. 3d 1236, 1241 (1990) (explaining Penal Code section 12050, the substantially similar predecessor to Penal Code section 26150, "gives extremely broad discretion to the sheriff concerning the issuance of [CCW] licenses"). Although the sheriff may not issue a license, or must revoke it, if the California Department of Justice determines that a person is prohibited by state or federal law from possessing a firearm, Cal. Penal Code § 26195, state law is otherwise silent on a sheriff's ability to revoke a license, *see* Cal. Penal Code §§ 26150–26255. "The power to license, however, implies the power to revoke," and "[t]he fact the Legislature has not restricted the conditions under which a granted license may be revoked shows the Legislature intended the sheriff to have discretion." *Nichols*, 223 Cal. App. 3d at 1244. Thus, as the court held in *Nichols*, "a county sheriff has discretion to revoke a license to carry a concealed firearm" issued under Penal Code section 26150. *Id.* at 1239.

For these reasons, the Sacramento County Sheriff's Department had discretion under state law to revoke Samaan's CCW license. The only question in this case is whether the exercise of that discretion violated Samaan's rights under the United States Constitution.

### A. First Amendment

To establish a First Amendment retaliation claim, a plaintiff must show "(1) [he] engaged in constitutionally protected activity; (2) the defendant's actions would 'chill a person of ordinary firmness' from continuing to engage in the protected activity; and (3) the protected activity was a substantial motivating factor in the defendant's conduct—i.e., that there was a nexus between the defendant's actions and an intent to chill speech." *Ariz. Students' Assn. v. Ariz. Bd. of Regents*, 824 F.3d 858, 867 (9th Cir. 2016) (citing *O'Brien v. Welty*, 818 F.3d 920, 933–34 (9th Cir. 2016)). Only if a plaintiff establishes these three elements does the burden shift to the government to show it "would have taken the same action even in the absence of the protected conduct." *O'Brien*, 818 F.3d at 932 (citing *Pinard v. Clatskanie Sch. Dist. 6J*, 467 F.3d 755, 770 (9th Cir. 2006)). As explained further below, Samaan argues undisputed evidence shows his prior litigation against the county was a "substantial motivating factor" in defendants' decision to revoke his CCW license. Even assuming Samaan has established the first two elements of his First Amendment claim, for the reasons discussed below, there exists a genuine dispute material to this third element that precludes summary judgment.

Samaan argues specifically that the revocation decision was designed to retaliate against him for lawsuits he filed against Sacramento County. Mot. at 5, 9. The complaint cites one case he filed in February 2014, which involved the county's alleged use of Sailor Bar Park for toxic waste storage. FAC ¶ 17 (citing "*Samaan v. Sacramento County*, 34201480001766"); DSUF 19; Request for Judicial Notice ("RJN") Ex. 3 (State Complaint), ECF No. 35-5 (dated Feb. 4, 2014).[1] Although there is no dispute that Samaan filed the state case about two years

---

[1] Samaan does not oppose defendants' request for judicial notice of the complaint and dismissal order of the state case. The court GRANTS defendants' request for judicial notice of these two documents. RJN Ex. 3 (State Complaint); RJN Ex. 4 (State Court Order).

before the Sheriff's Department denied his CCW license, there is no evidence before the court[2] that any person involved in the revocation decision knew about this or any other lawsuit. Samaan's February 2014 case was filed against Sacramento County, the Sacramento Board of Supervisors, and Sacramento County Department of Regional Parks, but it did not name Jones, the Sheriff's Department, or any person on the three-member panel defendants say made the revocation recommendation. State Complaint at 1. Jones, who approved the panel's recommendation and ordered the revocation, denies under oath knowing about any of Samaan's prior civil lawsuits.[3] Jones Decl. ¶ 11, ECF No. 35-3. Moreover, Samaan's state case was dismissed in February 2015, well before the Sheriff's Department approved his CCW license in the first place. *See* DSUF 20; RJN Ex. 4 (State Court Order).

Samaan cites two e-mails sent among county employees on March 15, 2016, the day Jones allegedly approved the revocation decision. SDUF 17. Even assuming both e-mails were received before a final decision was made, neither e-mail establishes a decision-maker's knowledge of Samaan's earlier lawsuits. Samaan first points to an e-mail sent directly to Jones that referenced and says it attached a "lengthy series of e-mails from Mr. Samaan dating back to 2013." *See* Samaan Decl., Ex. K, ECF No. 27 at 53–54 (e-mail exchange between Jones and Sheriff's Department Chief Deputy Philip Brelje). Samaan does not provide or otherwise explain the contents of the prior e-mails, and the court cannot determine on the present record whether they included any reference to Samaan's lawsuits. Samaan's reliance on another e-mail sent among county employees is similarly deficient. *See* Samaan Decl., Ex. K, ECF No. 27 at 52 (forwarded e-mail from Mike Landy, Senior Safety Specialist for Sacramento County, Department of Water Resources). Although the e-mail clearly states "Mr. Samaan has filed actions against the county," that e-mail was sent from a Department of Water Resources

---

[2] At hearing, Samaan pointed to new evidence from depositions taken after he filed his motion resolved here. As Samaan acknowledged at hearing, however, that evidence has not been filed and is not properly before the court. The court does not consider it here.

[3] Samaan generally explains he has filed multiple lawsuits against Sacramento County. *See* Mot. at 9:13–15. For the purposes of this order, the court focuses on the only case he cites by name or that the record addresses.

7

employee to three employees that have no apparent tie to Jones or the Sheriff's Department. *Id.* (Landy's e-mail forwarded to Rosemarie Codog, Erin Taylor, and Amber Wong). Because Samaan has not provided evidence explaining these employees' roles with the county or their connection to any relevant decision maker, a reasonable juror could conclude Jones and the Sheriff's department did not know about Samaan's lawsuits.

Even if Samaan could show a decision maker's knowledge about his prior suits, a reasonable juror could nonetheless find the revocation decision had nothing to do with those cases based on defendants' alternative explanation: Samaan's March 7, 2016 e-mail to the Sheriff's Department triggered the decision to revoke. Opp'n at 12–13. In that e-mail, Samaan challenged the validity of Sacramento County Code 9.36.060, which prohibits a person from possessing a firearm in the American River Parkway. DSUF 12–13; Jones Decl. Ex. 2 (Samaan E-mail), ECF No. 35-3 at 9, 10. Samaan explained his intention to carry a weapon in the Parkway despite the County Code prohibition. DSUF 14; Samaan E-mail ("[O]n advice of counsel, I will carry while on my horse in the parkway."). As provided by Sheriff's Department policy, that e-mail was sent to the three-person panel for review, the panel determined that revocation was appropriate, and Jones approved the panel's recommendation on March 15, 2016. Jones Decl. ¶¶ 4–5, 9–10; *see also* Samaan Decl., Ex. K, ECF No. 27 at 53–54 (Jones's to Sheriff's Department Chief Deputy Philip Brelje).

The court finds there is a genuine dispute of material fact regarding the basis for the Sheriff's Department's decision to revoke Samaan's CCW license. This dispute precludes summary judgment on his First Amendment retaliation claim. *See Marez v. Bassett*, 595 F.3d 1068, 1076 (9th Cir. 2010) (competing evidence regarding basis for adverse action precluded summary judgment on First Amendment retaliation claim).

B.   Fourteenth Amendment

Samaan's Equal Protection claim requires him to show defendants intentionally treated him differently from similarly situated individuals or else purposefully discriminated against him based on his membership in a protected class. *N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008) (citing *Vill. of Willowbrook v. Olech*, 528 U.S. 562 (2000))

8

(elements of an equal protection "class of one" claim); *Barren v. Harrington*, 152 F.3d 1193, 1194-95 (9th Cir. 1998) (citing *Washington v. Davis*, 426 U.S. 229, 239-40 (1976)) (elements of § 1983 equal protection claim).

As discussed above, there is a genuine dispute regarding the reasons for the Sheriff's revocation. Samaan provides no evidence whatsoever of the treatment of any other CCW license carrier, let alone one who was similarly situated but treated differently. *Cf. Gerhart v. Lake County, Mont.*, 637 F.3d 1013, 1022 (9th Cir. 2011) (summary judgment not warranted against plaintiff who presented considerable evidence that he was treated differently than other similarly situated property owners in permit application process). Samaan has not pointed to any evidence to support the conclusion that the revocation decision was due to his race; the only evidence in the record relating to Samaan's race is a brief e-mail referencing Samaan's own use of the "N word," which Samaan explains he had used to refer to himself. *Compare* Samaan Decl. Ex. K, ECF No. 27 at 53–54 (e-mail from Sheriff's Department Chief Deputy Philip Brelje to Jones, explaining Samaan's e-mails "use[d] the 'N' word"), *with* Reply at 3 ("Plaintiff was referring to himself, as he is African-American/Egyptian.").

Based on the genuine dispute involving the reason for defendants' revocation, and the dearth of evidence regarding any discriminatory treatment of Samaan, he is not entitled to summary judgment on his equal protection claim.

IV. <u>CONCLUSION</u>

The court DENIES Samaan's motion.

This order resolves ECF No. 27.

IT IS SO ORDERED.

DATED: August 28, 2017.

_____
UNITED STATES DISTRICT JUDGE