UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NABIL SAMAAN,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SACRAMENTO, SCOTT JONES, individually and in his capacity as sheriff, and DOES 1 through 10,[1]<br><br>Defendants. | No. 2:16-cv-00789-KJM-CKD<br><br><br><br>ORDER |

Plaintiff Nabil Samaan, proceeding *pro se*,[2] sues Sacramento County and Sacramento County Sheriff, Scott Jones, alleging they violated his civil rights by wrongfully revoking his permit to carry a concealed weapon. Plaintiff now moves for leave to file a second amended complaint. For reasons provided below, the court DENIES plaintiff's motion.

/////

---

[1] If a defendant's identity is unknown when the complaint is filed, plaintiffs have an opportunity through discovery to identify them. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). But the court will dismiss such unnamed defendants if discovery clearly would not uncover their identities or if the complaint would clearly be dismissed on other grounds. *Id.* at 642. The federal rules also provide for dismissing unnamed defendants that, absent good cause, are not served within 90 days of the complaint. Fed. R. Civ. P. 4(m).

[2] Although plaintiff proceeds *pro se*, he "ha[s] been a California licensed attorney in good standing for over 20 years[.]" ECF No. 46-2 ¶ 1.

1

I.     BACKGROUND

Plaintiff alleges that after "scrutiniz[ing]" plaintiff's moral character and finding he had shown good cause, defendants issued plaintiff a permit to carry a concealed weapon ("permit"). First Am. Compl. ("FAC"), ECF No. 17 ¶¶ 9, 19 (noting permit issued Feb. 22, 2016). Approximately one month later, and without reason, defendants revoked plaintiff's permit. *Id.* ¶¶ 10, 20. Plaintiff alleges defendants wrongfully revoked his permit based on his race, name, exercise of his First Amendment rights, and the defamatory statements of Sacramento County employee Mark Rains. *Id.* ¶¶ 10, 16, 20.

Plaintiff filed his complaint on April 18, 2016, asserting a Second Amendment claim and an Equal Protection claim, both under 42 U.S.C. § 1983. ECF No. 1 at 9-10. Defendants moved for judgment on the pleadings, ECF No. 9, which the court granted from the bench, with prejudice as to plaintiff's Second Amendment claim and without prejudice as to his Fourteenth Amendment claim. Bench Order, Sept. 2, 2016, ECF No. 15. On September 8, 2016, plaintiff filed his operative first amended complaint. ECF No. 17.

Five days later, the court issued a pretrial scheduling order, which requires any party seeking to add additional parties or claims to obtain leave of court for good cause shown. Scheduling Order, ECF No. 18 at 1. The scheduling order also set a discovery cut-off date of July 3, 2017, *id.* at 2, an expert disclosure cut-off date of August 4, 2017, *id.*, and required dispositive motions to be heard no later than December 8, 2017, *id.*

Plaintiff moved for summary judgment on March 9, 2017. ECF No. 27. The court denied plaintiff's motion on August 29, 2017. Order, ECF No. 45. On September 12, 2017, plaintiff moved for leave to amend his complaint, arguing he recently discovered new evidence warranting amendment. ECF No. 46. Defendants oppose. ECF No. 49. Plaintiff filed a reply. ECF No. 50. The court submitted the motion on the briefs. Minute Order, Oct. 30, 2017, ECF No. 51.

II.    LEGAL STANDARD

When the district court has filed a pretrial scheduling order establishing a timetable for amending pleadings, Rule 16(b) governs requests to amend pleadings. Fed. R. Civ.

P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Under that Rule, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Thus, Rule 15(a)'s liberal amendment standard is inapplicable until the movant first satisfies Rule 16(b)'s good cause standard. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 606–07 (E.D. Cal. 1999).

Rule 16's good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. Rule 16(b) allows a party to modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's note to 1983 amendments. Carelessness is not a reason for modification. *Johnson*, 975 F.2d at 609. Prejudice to the party opposing the modification also provides grounds to deny a motion to amend the pretrial schedule. *Id.* However, the focus of the inquiry remains the moving party's reasons for the motion, and "[i]f that party was not diligent, the inquiry should end." *Id.*

III. <u>DISCUSSION</u>

Plaintiff argues he has satisfied Rule 16(b)'s good cause requirement because he "recently discovered new facts during formal discovery and developed legal theories" necessitating his amendment. ECF No. 46 at 3-4. Plaintiff's briefing does not clearly explain the newly discovered facts. At the least, the new facts appear to include Sherriff Jones's testimony that he "would re-issue [plaintiff's] permit if [plaintiff] promised not to carry [his] firearm in the Park[,]" paired with Jones's rejection of plaintiff's latest application even though plaintiff made the requisite promise. ECF No. 46-2 ¶ 5. This, plaintiff contends, shows "Defendants' revocation was for wrongful purposes" and for retaliation because "[t]here is no long [*sic*] a basis, other than retaliation, for the sheriff not to reissue." ECF No. 46-1 ¶¶ 19, 73-74. Defendants argue plaintiff mischaracterizes Jones's deposition testimony. ECF No. 49 at 9-10. In his reply, plaintiff appears to acknowledge Jones's testimony indicates only that plaintiff "would help" his chances of regaining his CCW permit by agreeing not to carry his weapon in the park. ECF No. 50 at 4. Plaintiff also argues he recently discovered Jones admitted in deposition to "singl[ing] Plaintiff out" in revoking his permit. ECF No. 50 at 3.

3

Second, plaintiff states he recently discovered "an internal email . . . in which Sacramento County personnel threatened bodily injury against Plaintiff, which they suppressed from the Sheriff department's investigation." ECF No. 46 at 4. Plaintiff's proposed second amended complaint includes several allegations regarding an email from County employee Mark Rains, though it is unclear whether plaintiff alleges Rains was responsible for a single or multiple emails. Plaintiff alleges Rains's email shows the Sheriff's Department "concocted a scheme," or, alternatively, Rains alone "dup[ed]" the Sheriff's Department during the investigation of plaintiff. ECF No. 46-1 ¶ 30. Plaintiff also alleges two deponents were not informed of Rains's email threatening plaintiff. *Id.* Plaintiff further alleges, "Defendants wrongfully deleted emails that were part of Plaintiff's appeal of the CCW[.]" *Id.* ¶ 33.

Plaintiff has not established good cause under Rule 16(b).[3] First, plaintiff has not shown diligence. He deposed Jones on May 30, 2017, nearly four months before filing this motion. *See* ECF No. 49 at 4; ECF 50 at 3. And in June 2017, plaintiff asked defendants to allow him to file an amended complaint, yet with no stated justification for delay, he waited until September 12, 2017 to move for leave to amend. *See* ECF No. 49 at 2; ECF No. 50 at 4-5. Plaintiff also does not explain when he discovered the "new" Rains email, but the record suggests the discovery was not recent. Defendants contend the Rains email was produced around October 25, 2016, nearly one year before plaintiff filed his motion. ECF No. 49 at 5. Plaintiff does not dispute this representation.

Finally, plaintiff's proposed amendments are largely unrelated to the newly discovered facts. Plaintiff's operative complaint already alleges Rains's defamatory statements informed, in part, defendants' decision to revoke his permit. FAC ¶¶ 16, 22. It is not clear from plaintiff's briefs and proposed amendments whether the "new" Rains email is distinct from Rains's allegedly "defamatory statements" referred to in plaintiff's operative complaint, or how that email requires or supports additional legal claims. *See id.* The court already dismissed with

---

[3] In support of his reply brief, plaintiff requests the court take judicial notice of three documents. *See* ECF No. 50 at 7-8. After reviewing the documents, despite their belated submission, the court determines they do not affect the court's analysis and thus denies plaintiff's request.

4

prejudice plaintiff's proposed Second Amendment claim. ECF No. 15. And plaintiff represented to the court months ago that he would not pursue a Due Process claim, ECF No. 45 at 3, yet he now seeks to do exactly that, ECF No. 46-1 at 13-15. These new claims do not depend on the purportedly new evidence, but instead essentially arise from plaintiff's original allegation: defendants wrongfully revoked plaintiff's permit in violation of his constitutional rights. *See* FAC ¶¶ 16, 22. To the extent any new facts support plaintiff's proposed claims, he has not diligently pursued those new facts so as to be allowed to plead them at this late stage.

In sum, plaintiff belatedly seeks to augment his complaint after discovery has ended, as the deadline to hear dispositive motions approaches, and without adequate justification. He has not shown good cause under Rule 16(b). The court need not proceed to consider the Rule 15(a) factors.

IV. <u>CONCLUSION</u>

Plaintiff's motion to file a second amended complaint is DENIED.

IT IS SO ORDERED.

DATED: November 30, 2017.

_____
UNITED STATES DISTRICT JUDGE