UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| NABIL SAMAAN, | Case No. 2:16-cv-00789-KJM-CKD |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| SCOTT R. JONES, | |
| Defendant. | |

Defendant Scott Jones moves in limine to strike plaintiff Nabil Samaan's jury demand under Federal Rule of Civil Procedure 39. Mot., ECF No. 76. Jones also requests the court empanel an advisory jury to try any factual issues remaining for trial. Mot. at 3. Plaintiff filed no response to Jones's motion. As explained below, the motion to strike is GRANTED, though the request for an advisory jury is DENIED.

Jones argues the court should strike plaintiff's jury demand because the Seventh Amendment right to a jury trial does not apply to equitable claims including plaintiff's First Amendment retaliation claim against Jones in his official capacity arising from emails sent in 2013, which is the only claim proceeding to trial in this matter. Mot. at 1–2; *see* Summ. Judgment Order, ECF No. 69, at 22 (granting defendants' summary judgment motion as to all of plaintiff's claims other than his First Amendment retaliation claim arising out of 2013 emails). Jones asserts plaintiff seeks only injunctive relief on this claim and, regardless, injunctive relief is the only form of relief available given that Jones is entitled to sovereign immunity. Mot. at 2

1

(citing *Students for a Conservative Am. v. Greenwood*, 378 F.3d 1129, 1130 (9th Cir.), *amended*, 391 F.3d 978 (9th Cir. 2004), and *Taylor v. Westly*, 402 F.3d 924, 929–30 (9th Cir. 2005)).

The Seventh Amendment to the United States Constitution guarantees the right to a trial by jury for "[s]uits at common law." U.S. Const. amend. VII. "Suits at common law" are those "in which *legal* rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 708 (1999) (quoting *Parsons v. Bedford*, 3 Pet. 433, 447 (1830) (emphasis original)). Federal Rule of Civil Procedure 39 provides that when a party has made a demand for a jury trial, the trial must be by jury unless the parties stipulate to a nonjury trial or the court determines no right to a jury trial applies. Fed. R. Civ. P. 39(a)(1)–(2).

While a "[42 U.S.C.] § 1983 suit seeking legal relief is an action at law within the meaning of the Seventh Amendment," the Seventh Amendment right to a jury trial does not apply to suits, including claims made under § 1983, seeking only injunctive relief. *City of Monterey*, 526 U.S. at 709, 719; *see also Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 170 (9th Cir. 1989) ("The [S]eventh [A]mendment preserves the right to trial by jury of all legal claims," but "no right to a jury trial exists" for equitable claims). Here, the only potential relief available for plaintiff's § 1983 claim is injunctive relief because Jones is sued in his official capacity as a state officer. *Papasan v. Allain*, 478 U.S. 265, 278 (1986) (compensatory relief barred in actions against state officers in their official capacity); *see also* Summ. Judgment Order at 11 (Jones sued in his official capacity). Therefore, plaintiff has no federal right to a jury trial on his First Amendment retaliation claim against Jones. Accordingly, the court GRANTS defendant Jones's motion and strikes plaintiff's jury demand.

In addition to seeking to strike plaintiff's jury demand, Jones consents to and requests the court empanel an advisory jury to try any factual issues related to the claims remaining for trial. Mot. at 3. Rule 39 of the Federal Rules of Civil Procedure provides that in an action not triable of right by a jury, a court, on motion or on its own, "may try an issue with an advisory jury." Fed. R. Civ. P. 39(c)(1). If a court empanels an advisory jury, it must "find the

facts specially and state its conclusions of law separately." Fed. R. Civ. P. 52(a)(1). An advisory jury verdict does not bind a court. *See Traxler v. Multnomah Cty.*, 596 F.3d 1007, 1013 (9th Cir. 2010).

Jones argues the court should empanel an advisory jury because the court denied summary judgment on plaintiff's First Amendment retaliation claim based in part on the need for a credibility determination as to the true reason for Jones's decision to revoke plaintiff's permit to carry a concealed weapon, and "[c]redibility determinations . . . are jury functions, not those of a judge." Mot. at 3 (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)); *see also* Summ. Judgment Order at 16 (explaining the court's reasoning in denying summary judgment as to Jones). Jones has not justified the additional time and expense associated with empaneling an advisory jury in this case. "[E]mpaneling an advisory jury to render factual determinations in a trial with a single equitable claim for relief does not promote judicial economy." *Freeman v. U.S. Bank, N.A.*, No. 2:10-CV-01544 RSM, 2014 WL 969642, at *4 (W.D. Wash. Mar. 12, 2014). Even if empaneled, the factual determinations of an advisory jury will not be binding on the court. *See Ashland v. Ling–Temco–Vought, Inc.*, 711 F.2d 1431, 1438 (9th Cir. 1983). Empaneling an advisory jury would burden the court, the parties and potential jurors by requiring citizen jurors to commit time and resources to sit on a jury when their ultimate factual determinations would be neither binding nor essential.

The court GRANTS defendant Scott Jones's motion to strike plaintiff Nabil Samaan's jury demand and DECLINES to empanel an advisory jury in this case.

IT IS SO ORDERED.

DATED: May 4, 2019.

_____
UNITED STATES DISTRICT JUDGE

3