UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NABIL SAMAAN,

    Plaintiff,

  v.

SCOTT R. JONES,

    Defendant.

No. 2:16-cv-00789-KJM-CKD

ORDER

    Defendant Scott Jones, the Sacramento County Sheriff, submitted a trial brief asserting plaintiff Nabil Samaan lacks standing to seek injunctive relief in this action in the form of a court order mandating defendant issue him a permit to carry a concealed weapon ("CCW permit"). Trial Br., ECF No. 79. Plaintiff opposes, Opp'n, ECF No. 87, and defendant has replied, Reply, ECF No. 88. The court has considered the parties' briefing and, as explained below, finds plaintiff lacks standing to seek injunctive relief. The court therefore DISMISSES the sole remaining claim in this case.

I.  BACKGROUND

    This First Amendment retaliation case arises from defendant's revocation of plaintiff's CCW permit in March 2016. *See* First Am. Compl., ECF No. 17, at 2–4; Summ. J. Order, ECF No. 69, at 1–7. Plaintiff contends defendant, in his official capacity as the Sacramento County Sheriff, wrongfully revoked his permit in retaliation for plaintiff's exercising

1

his First Amendment right to free speech; specifically, in retaliation for emails plaintiff sent to County officials during previous disputes. *See* Summ. J. Order at 1–7. This is the only claim proceeding to trial in this matter. *See id.* at 22 (granting defendants summary judgment on all claims other than First Amendment retaliation claim against defendant Jones arising from emails). Plaintiff seeks only injunctive relief in the form of a court order mandating defendant issue him a CCW permit. Parties' Joint Pretrial Statement ("JPTS"), ECF No. 70, at 5. Since initiating this case, in or about September 2018, plaintiff moved from Sacramento County to his current residence in Placer County; plaintiff certified in the parties' October 25, 2018 Joint Pretrial Statement he "is no longer a resident of, nor does he have a principal place of business in, the County of Sacramento." *Id.* at 3.

Defendant submitted his trial brief contesting plaintiff's standing on March 18, 2019, Trial Br., and plaintiff responded on June 21, 2019, Opp'n, after the court ordered him to do so, ECF No. 86. Defendant then filed his reply, representing for the first time that plaintiff now has obtained a CCW permit from Placer County. ECF No. 88. Defendant submitted along with his reply brief a copy of a CCW permit issued to plaintiff by the Placer County Sheriff on February 13, 2019. Placer County CCW Permit, ECF No. 88-1. In light of defendant's new assertions, the court ordered plaintiff to show cause why this case should not be dismissed. Order to Show Cause ("OSC"), ECF No. 89. Plaintiff responded and continued to assert he has standing. OSC Resp, ECF No. 92. Defendant then filed a reply to the OSC. OSC Reply, ECF No. 97.

II. DISCUSSION

Defendant argues plaintiff lacks standing to seek injunctive relief because plaintiff cannot demonstrate any real or immediate threat of repeated injury. Trial Br. at 3; Reply at 3. Specifically, defendant contends that by moving out of Sacramento County and obtaining a CCW permit from Placer County, plaintiff mooted his claim for injunctive relief. Reply at 3. Defendant further contends his revocation of plaintiff's CCW permit did not preclude plaintiff from reapplying for or being reissued a CCW permit in Sacramento County. Trial Br. at 3. Plaintiff asserts he still has standing to proceed in this action. Opp'n at 2; OSC Resp. at 1-2.

2

A. <u>Legal Standard: Standing</u>

Standing is an "essential component" of the case or controversy requirement of Article III, § 2 of the United States Constitution. *Carroll v. Nakatani*, 342 F.3d 934, 940 (9th Cir. 2003). To satisfy Article III's standing requirements, a plaintiff must show (1) he has suffered an "injury in fact" that is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, not merely speculative, that a favorable decision would redress the injury. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). A plaintiff must demonstrate standing "with respect to each form of relief sought, whether it be injunctive relief, damages, or civil penalties." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (citing *Laidlaw*, 528 U.S. at 185).

A plaintiff seeking injunctive relief, as here, "must demonstrate that he has suffered or is threatened with a 'concrete and particularized' legal harm, coupled with 'a sufficient likelihood that he will again be wronged in a similar way.'" *Id.* (internal citation omitted) (quoting first *Lujan*, 504 U.S. at 560, and then *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)). The latter inquiry turns on whether the plaintiff has a "real and immediate threat of repeated injury." *Id.* (internal quotations omitted) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)). The threat of future injury cannot be "conjectural or hypothetical" but must be "certainly impending" to constitute an injury in fact for injunctive relief purposes. *Davidson v. Kimberly–Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) (emphasis omitted). "In addition, the claimed threat of injury must be likely to be redressed by the prospective injunctive relief." *Bates*, 511 F.3d at 985–86 (citing *Graham v. Fed. Emergency Mgmt. Agency*, 149 F.3d 997, 1003 (9th Cir. 1998), *abrogated on other grounds by Levin v. Commerce Energy, Inc.*, 560 U.S. 413 (2010)).

B. <u>Mootness</u>

Defendant contends he no longer has authority to issue plaintiff a CCW permit because plaintiff no longer resides in Sacramento County. Reply at 3. Defendant further argues

even if plaintiff's move out of Sacramento County does not moot plaintiff's claim, by obtaining a CCW permit from Placer County plaintiff has already obtained the relief he seeks in this lawsuit. *Id.* Plaintiff opposes both arguments. Opp'n at 3; OSC Resp. at 1–2.

A federal court lacks subject matter jurisdiction when the controversy before it becomes moot. *In re Burrell*, 415 F.3d 994, 998 (9th Cir. 2005). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). A case becomes moot when there is no reasonable expectation that the alleged violation will recur and "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Los Angeles County v. Davis*, 440 U.S. 625, 631 (1979); *see also Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 656 (9th Cir. 2002) ("An action will be moot only if '[a] determination . . . of the legal issues tendered by the parties is no longer necessary to compel . . . and could not serve to prevent' the action from which one party seeks relief." (alteration in original) (quoting *DeFunis v. Odegaard*, 416 U.S. 312, 317 (1974))). Thus, "[t]he basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." *Nw. Envtl. Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988) (citing *United States v. Geophysical Corp. of Alaska*, 732 F.3d 693, 698 (9th Cir. 1984)).

1. <u>Plaintiff's Residence</u>

Defendant argues regardless of whether plaintiff's Placer County CCW permit affects his standing, plaintiff's move out of Sacramento County moots his claim for injunctive relief because defendant no longer has jurisdiction to issue plaintiff a CCW permit. Trial Br. at 3; Reply at 4; OSC Reply at 3–4. California Penal Code section 26150 permits the sheriff of a county to issue a CCW permit to a person upon proof of four criteria. Cal. Penal Code § 26150(a)(1)–(4). One of these criteria is that: "The applicant is a resident of the county or a city within the county, or the applicant's principal place of employment or business is in the county or a city within the county and the applicant spends a substantial period of time in that place of employment or business." *Id.* § 26150(a)(3). Plaintiff asserts even though he no longer resides in

4

Sacramento County, he may still obtain a CCW permit there because his principal place of business is in that County. Opp'n at 3.

While section 26150 does not define "principal place of employment or business," Part 6 of the California Penal Code (Control of Deadly Weapons), which includes section 26150, provides a definition of principal place of employment or business in Penal Code section 17020. That definition requires an applicant be "physically present in the jurisdiction during a substantial part of the applicant's working hours for purposes of that employment or business." Cal. Penal Code § 17020. In his opposition, plaintiff asserts he has his principal place of business in Sacramento County because "99% of his law practice business is in Sacramento County and 99% of Plaintiff's income is derived from Sacramento County." Opp'n at 3. With respect to his income, plaintiff in his brief provides a list of properties in Sacramento County from which he claims he generates over $400,000 as a real property owner and landlord. *Id.* at 3–4. Plaintiff also asserts he regularly travels to his properties located in Sacramento County and often uses the American River Parkway. *Id.* at 4.

These unsupported and unsworn assertions do not establish that plaintiff has his principal place of business or employment in Sacramento County. First, plaintiff admitted as one of the "undisputed core facts" in the parties' Joint Pretrial Statement that "Mr. Samaan is no longer a resident of, nor does he have a principal place of business in, the County of Sacramento." JPTS at 3. The court adopted this fact in its December 12, 2018 Final Pretrial Order. *See* ECF No. 75 at 3. Plaintiff has never challenged the Final Pretrial Order or sought to retract or amend this undisputed fact. Moreover, plaintiff's CCW permit from Placer County does not list a separate business address in Sacramento County, *see* Placer County CCW permit, as required by California law if plaintiff does in fact have a business address separate from his residential address, *see* Cal. Penal Code § 26175(i) (requiring any CCW permit issued to "set forth the licensee's . . . residence and business address"). Plaintiff's past actions thus call into question the validity of his current contention that he maintains a principal place of business in Sacramento County. Second, plaintiff's bald assertions about the percentage of his business in and income derived from Sacramento County do not establish his physical presence in the County for a

5

substantial part of his working hours for the purposes of his business, as required by Penal Code sections 17020 and 26150(a)(3). Similarly, plaintiff's vague assertions that he regularly travels to his properties in Sacramento County and regularly uses the American River Parkway do not demonstrate he spends a substantial part of his working hours in Sacramento County for the purposes of his business.

Plaintiff has thus not shown he is a resident of or has his principal place of business in Sacramento County. Therefore, even if plaintiff's CCW permit from Placer County does not moot his claim, plaintiff's move to Placer County renders him ineligible to receive a CCW permit from Sacramento County. Cal. Penal Code § 26150(a). Plaintiff's status as a resident of Placer County thus moots his claim for injunctive relief in this case. Accordingly, the court finds plaintiff lacks standing. Because plaintiff's move to Placer County makes him ineligible for a CCW permit from Sacramento County, the court need not address defendant's argument that the revocation of plaintiff's CCW permit does not preclude plaintiff from reapplying for or being reissued such a permit in Sacramento County.

### 2. Plaintiff's Placer County CCW Permit

The court further concludes plaintiff's CCW permit from Placer County also renders plaintiff's claim for injunctive relief moot because plaintiff has already obtained the relief he seeks in this matter. Plaintiff argues he may possess more than one CCW permit because the permits and their restrictions differ from county to county, and thus, his CCW permit from Placer County does not affect his standing. OSC Resp. at 2. For example, plaintiff asserts he may carry "Smith & Wesson High [sic] caliber weapons" under a CCW permit from Sacramento County that he cannot carry under a CCW permit from Placer County. *Id.*

Plaintiff does not support his argument that he may possess multiple CCW permits with any authority, and the court is aware of none. Plaintiff cites generally to the Ninth Circuit case *Peruta v. County of San Diego*, 824 F.3d 919 (9th Cir. 2016), but that case does not discuss or hold U.S. citizens may possess more than one CCW permit. Further, allowing plaintiff, or any individual, to possess multiple CCW permits issued by multiple California counties would be contrary to the design of California's licensing scheme to convey, with some exceptions, "a right

6

exercisable throughout the state." *Scocca v. Smith*, 912 F. Supp. 2d 875, 883 (N.D. Cal. 2012); *see also Silvester v. Harris*, 41 F. Supp. 3d 927, 958 (E.D. Cal. 2014) ("[T]he general rule is that a CCW license has applicability throughout the state of California."), *rev'd and remanded on other grounds*, 843 F.3d 816 (9th Cir. 2016).

Plaintiff also provides no support for his assertion that he may not carry Smith & Wesson high-caliber weapons under his Placer County CCW permit. *See* OSC Resp. at 2. The Placer County Sheriff's website lists no restriction as to Smith & Wesson firearms or high-caliber weapons in its regulations pertaining to weapons licensed for Placer County CCW permit holders. *See* Placer County, *Concealed Weapon Permits: Weapons*, Placer County Sheriff's Office, https://www.placer.ca.gov/2400/Weapons ("CCW Weapons Regulations").[1] Additionally, as noted by defendant, in *United States v. Krouse*, 370 F.3d 965 (9th Cir. 2004), the Ninth Circuit described "a Colt .45 caliber semi-automatic handgun, a .38 caliber Derringer, and an Interarms .380 caliber handgun" all as "high caliber firearms," *id.* at 968 & n.4. Under this definition, the Placer County regulations, which require firearms to "have a bullet with a specification of no less than .25 calibers, nor greater than .45 calibers," CCW Weapons Regulations, *supra*, do not restrict high-caliber firearms from being licensed on CCW permits. In fact, the three Sig Sauer .380 caliber firearms listed on plaintiff's Placer County CCW permit, *see* Placer County CCW Permit, would qualify as high-caliber weapons under the Ninth Circuit's definition in *Krouse*.

Finally, plaintiff has provided no evidence showing he owns or seeks to have licensed on his CCW permit a firearm with a caliber larger than .45, and thus is restricted from CCW licensing in Placer County. And plaintiff's revoked Sacramento County CCW permit did not list any firearms over .40 caliber or otherwise restricted from licensing in Placer County. *See*

---

[1] The court, *sua sponte*, takes judicial notice of the weapons regulations pertaining to weapons licensed for CCW permit holders listed on the Placer County Sheriff's Office website. *See Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) ("Under Rule 201, the court can take judicial notice of public records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies." (brackets and internal quotations omitted)).

7

Pl.'s Mot. for Summ. J. Ex. H, ECF No. 27 (listing Browning .40 caliber, Taurus .38 caliber, and S&W .40 caliber).

Therefore, even if plaintiff's move to Placer County alone does not moot his claim, he still has not established the existence of "a present controversy as to which effective relief can be granted." *Gordon*, 849 F.2d at 1244 (citing *Geophysical Corp.*, 732 F.2d at 698). With no evidence a CCW permit from Sacramento County would afford him greater rights than his Placer County CCW permit, that he owns or seeks to list ineligible firearms on his permit, or even that he may hold multiple permits issued by multiple counties, plaintiff lacks standing to seek the injunctive relief he has already obtained by virtue of his Placer County CCW permit.

C. Sanctions

Defendant requests the court impose sanctions on plaintiff for failing to notify the court of the issuance of his CCW permit from Placer County and continuing to pursue this lawsuit, as well as asserting factual contentions without evidentiary support for an improper purpose. Reply at 4–5; OSC Reply at 7 n.1. Dismissal of this action is sanction enough. Therefore, the court declines to impose sanctions on plaintiff under either Rule 11 of the Federal Rules of Civil Procedure or its inherent power, while cautioning plaintiff in the future to observe court rules and expectations with greater discernment.

III. CONCLUSION

For the foregoing reasons, the court finds plaintiff does not have standing to continue to seek injunctive relief for the allegedly wrongful revocation of his Sacramento County CCW permit arising from plaintiff's emails directed to County representatives. Because no other claims remain in this matter, the court DISMISSES plaintiff's case for lack of subject matter jurisdiction. The trial date currently set is VACATED. The Clerk of Court is directed to enter judgment in defendant's favor and CLOSE this case.

IT IS SO ORDERED.

DATED: July 23, 2019.

UNITED STATES DISTRICT JUDGE

8